1
2
3
4
5                    UNITED STATES DISTRICT COURT
6                  EASTERN DISTRICT OF WASHINGTON
7   DEBRA CLEMENS,                      )
                                        )        NO.    CV-11-0043-WFN
8                       Plaintiff,      )
                                        )
9        -vs-                           )        ORDER
                                        )
10  AVIS RENT A CAR SYSTEM, LLC,        )
                                        )
11                      Defendant.      )
                                        )
12  ─────────────────────────────────  )

13        A telephonic motion hearing was held on October 27, 2011.  Stanley Kempner, Jr.

14  represented the Plaintiff; Ryan Hammond represented Defendant.  The Court heard oral

15  argument on Defendant's Motion for Summary Judgment.  The Court has reviewed the file

16  and briefing and is fully informed.

17                                **I. FACTS**

18        Avis employed Plaintiff as first a rental car agent, then later the lead agent for about 32

19  years.  Plaintiff served as the lead rental agent starting in 2000.  As lead rental agent, Plaintiff

20  both served customers at the counter as well as performing administrative functions.  Plaintiff

21  worked full time.  Prior to the medical leave taken in June 2008, Plaintiff had been

22  accommodated for a few health issues.  Avis granted her a weight lifting restriction in 2000,

23  she was permitted to wear a sweater in 2005 and special shoes in 2006.  Each of the

24  accommodations stemmed from Plaintiff's health difficulties.

25        In May 2008, Plaintiff requested and received permission for leave to recover from

26  bunion surgery.  Plaintiff's leave began the day of her surgery, June 4, 2008.  Plaintiff stayed

ORDER - 1

in contact with her supervisor, Julia Parmann, during her leave to keep Ms. Parmann apprised of her recovery.  Plaintiff provided a release for limited duty to her employer, dated September 4, 2008, which allowed her to return to work for 4 hours a day for two weeks, then 6 hours a day for two weeks, followed by a return to full time.  Plaintiff and Ms. Parmann discussed Plaintiff's return to work, but neither remembers the details of the conversation. Plaintiff was not scheduled for work.  Jennifer McDaniel, a human resources person working for Avis, informed Ms. Parmann that Avis did not typically accommodate light duty in an internal email.  Viewing the facts most favorably to the Plaintiff, once she realized that Avis would not allow her to return to work, she opted to have the second surgery.  However, she would have happily returned to work once her doctor released her for light duty had Avis permitted her to return to work.

While Plaintiff was on leave for foot surgery, Avis altered her job description. Previously Plaintiff spent a portion of her day sitting down working on administrative tasks. During her leave Avis purportedly decided to refocus the business to sales, which meant that the lead agent would be spending more time working at the counter.

In a letter dated October 10, 2008, Avis terminated Plaintiff effective October 3, 2008. The termination letter indicated that the cause of the termination was that Plaintiff failed to return to work by September 16, 2008, the expiration of the FMLA leave.  Had Plaintiff returned to work, she would have been eligible for a voluntary layoff/severance option.

## II. SUMMARY JUDGMENT STANDARD

A party is entitled to summary judgment where the documentary evidence produced by the parties permits only one conclusion. *Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 250 (1986).  The party seeking summary judgment must show that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law by "pointing out" to the Court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "A material issue of fact is one that

ORDER - 2

1  affects the outcome of the litigation and requires a trial to resolve the parties' differing

2  version of the truth." *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir. 1982).  The

3  court must construe all facts in favor of the non-moving party and all justifiable inferences

4  are also to be drawn in his/her favor.  *Anderson*,  477 U.S. at 255.

5      The party opposing summary judgment must go beyond the pleadings to designate

6  specific facts establishing a genuine issue for trial. *Celotex*, 477 U.S. at 324; *Marks v. United*

7  *States*, 578 F.2d 261, 263 (9th Cir. 1978) (genuine issues are not raised by mere conclusory

8  allegations).  The non-moving party may do this by use of affidavits (including his own),

9  depositions, answers to interrogatories and admissions. *Celotex*, 477 U.S. at 323-24.  There

10  is no issue for trial "unless there is sufficient evidence favoring the non-moving party for a

11  jury to return a verdict for that party." *Anderson*, 477 U.S. at 249.  Thus, "a scintilla of

12  evidence" in support of the non-moving party's position will be insufficient.  *Id*. at 252.

13  Summary judgment is also required against a party who fails to make a showing sufficient

14  to establish an essential element of a claim, even if there are genuine factual disputes

15  regarding other elements of the claim.  *Celotex*, 477 U.S. at 322-23.

### III. FMLA

16

17  **A.  Statute of Limitations.**  The parties agree that Plaintiff alleges that Defendant

18  violated FMLA on September 4, 2008, and that Plaintiff filed her complaint on December 20,

19  2010.  The FMLA provides two separate deadlines for the statute of limitations:

20  (1) In general: Except as provided in paragraph (2), an action may be brought
21  under this section not later than 2 years after the date of the last event
    constituting the alleged violation for which the action is brought.

22  (2) Willful violation: In the case of such action brought for a willful violation
23  of section 2615 of this title, such action may be brought within 3 years of the
    date of the last event constituting the alleged violation for which such action is
24  brought. 29 U.S.C. §2617(c).

25  Thus, Avis' actions must be willful to qualify for the longer statute of limitations. The FMLA

26  does not define willful behavior. Neither the Ninth Circuit nor the Supreme Court have

ORDER - 3

endorsed a test for "willful" conduct.  According to the Eighth Circuit, "the plaintiff must demonstrate the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *Samuels v. Kansas City Missouri School Dist.*, 437 F.3d 797, 803 (8th Cir. 2006).

Avis was clearly aware of the requirements of the act and had approved Ms. Clemens for FMLA leave from June 4, 2008 through August 22, 2008.  Following the end of the leave according to Avis' internal emails, but not the expiration of all available FMLA leave, Ms. Clemens requested light duty because she was not healing as quickly as she had expected. Specifically, her doctor indicated that from September 4, 2008, to September 18, 2008 she could stand no longer than 4 hours.  For the following two weeks, she could only stand for 6 hours.  After that, she would have no restrictions. Ms. Parmann indicated in her deposition that accommodations for crutches and limited mobility had been permitted in the past, but when she asked her supervisor about allowing Ms. Clemens to return on light duty, the request was denied.

The parties agree that under the FMLA, Ms. Clemens was entitled to return to her position.  Prior to taking her FMLA leave, Ms. Clemens was the lead rental agent.  This position involved both working at the front desk (which required standing for extended periods of time) as well as administrative duties.  While she was on her leave, Avis decided to shift focus more on sales which altered her job to require more standing. Thus, changing the essential function of Ms. Clemens' job while she was on leave making it more difficult for her to return with moderate restrictions on standing.  There is a disputed question of fact whether Ms. Clemens was willing and able to return with the light duty.  Viewing the facts most favorably to Plaintiff, when she indicated she was ready to return, she was informed that Avis would not accommodate light duty and therefore would not schedule her.  She was terminated for not returning to work effective October 3, 2008.

ORDER - 4

Defendant makes two arguments supporting lack of willfulness; neither argument satisfies the requirements of a summary judgment in Defendant's favor. Defendant argues that Plaintiff provided no facts supporting willful violation. However, they do not address the issue of altering Ms. Clemens' job duties while she was on leave, refusing to accommodate light duty for four weeks (two of which would have been within the maximum permitted FMLA leave time) and refusing to schedule her for work when she indicated a willingness to return to work are not factual support for a finding of a willful violation of the FMLA. Though the Court recognizes that accommodation is not required under FMLA, as seen below, Defendant bears the burden of proving that had Plaintiff not taken the FMLA leave, a similar request for light duty would have been rejected. Defendant does not meet that burden.

**B. Duty to Accommodate.** Defendant argues even if the statute of limitations is satisfied, Avis was under no obligation to reinstate Ms. Clemens at the end of her FMLA leave because she could not perform the essential functions of her job. The DOL regulations guide requirements for reinstatement. Subsection (b) of 29 C.F.R. § 825.214 addresses the need for an employee to be able to perform the essential function of their job to be permitted to return to work. "If the employee is unable to perform an essential function of the position because of a physical or mental condition, including the continuation of a serious health condition, the employee has no right to restoration to another position under the FMLA." *Id.*

> [I]t is clear from other regulations that the burden rests with the employer to establish whether the employee can perform the essential functions of the job. Section 825.312(d) provides: "An employer must be able to show, when an employee requests restoration, that the employee would not otherwise have been employed if leave had not been taken in order to deny restoration to employment." 29 C.F.R. § 825.312(d) (emphasis added) (titled "Under what circumstances may a covered employer refuse to provide FMLA leave or reinstatement to eligible employees?"). Section 825.216(a) is to the same effect, and provides that "[a]n employer must be able to show that an employee would not otherwise have been employed at the time reinstatement is requested in order to deny restoration to employment." Thus, the plain language of the pertinent DOL regulations provides that the burden is on the employer to show that he had a legitimate reason to deny an employee reinstatement.

ORDER - 5

*Sanders v. City of Newport*, --- F.3d ----,   2011 WL 905998, 7 (9th Cir. 2011).  Thus, the Ninth Circuit found that the employer bears the burden to prove that there was a legitimate reason to deny the employee reinstatement.

Defendant carries the burden of proof as to whether Ms. Clemens was eligible for reinstatement. There are a material issues of fact surrounding this question. First, Defendant argues that Ms. Clemens' leave expired at the end of August, but their termination letter indicates that the expiration date was September 16, 2008. Next, Defendant contends that because Plaintiff was unable to return to full time work without accommodation that she was ineligible for reinstatement.  However, Plaintiff proffered evidence that Defendant had previously offered accommodations for herself and other employees.  Further, Plaintiff can show that Defendant altered the expectations of her job while she was on leave.  Based on the restrictions placed by her doctor at the time she sought to be reinstated, she likely could have returned albeit, with some short term accommodations. Further, she was released on no restrictions two weeks following the latest of the dates provided as the expiration of her FMLA leave, so with minor accommodation, could have returned to the job she left full-time. Importantly, Defendant does not address whether working full time was an essential function of Plaintiffs employment.  The parties do not contest that Plaintiff was able to perform all functions of her employment, albeit on a more limited schedule.  Defendant will bear the burden to show that Plaintiff would have been terminated had she requested the accommodations for light duty had she not be FMLA leave, based on the facts provided by Plaintiff, this is an open question.

## IV.  WLAD

**A.  Duty to Accommodate.**  Defendant argues that Avis was under no obligation to accommodate Ms. Clemens's disability. (There seems to be no dispute that Ms. Clemens was disabled pursuant to WLAD).  Defendant bases their argument on the assumption that Ms. Clemens sought accommodation from the end of her FMLA leave until February 2009.

ORDER - 6

1    However, Plaintiff makes clear in the response that the period of time that Plaintiff alleges
2    the failure to accommodate was the period of time from when she was released for light
3    work, on September 4, 2008 until her termination on October 3, 2008.

4          "In discrimination cases, summary judgment is often inappropriate because the
5    WLAD mandates liberal construction." *Frisino v. Seattle School Dist. No. 1,* 160 Wash.
6    App. 765, 777 (2011). "WLAD requires an employer to reasonably accommodate a disabled
7    employee unless the accommodation would pose an undue hardship." *Id.*  "To accommodate,
8    the employer must affirmatively take steps to help the disabled employee continue
9    working at the existing position or attempt to find a position compatible with the limitations."
10   *Id.*

11         Though Defendant is correct that a long term, indefinite leave is not covered under
12   WLAD, an accommodation for four weeks following return from a foot surgery appears to
13   fall squarely into the protection of WLAD.   Summary judgment is not be appropriate for
14   Defendant's alleged failure to accommodate.

15         **B.  Undue Hardship.**  Defendant also argues that if accommodation were required,
16   they were excused because the accommodation constituted an undue hardship.   First,
17   Defendant's assertion of undue hardship appears to be based on the belief that Plaintiff
18   requested accommodation for 8 months.  As discussed above, this does not appear to be the
19   case.   Second, "whether an employer made reasonable accommodation or whether the
20   employee's request placed an undue burden on the employer are questions of fact . . . ."
21   *Snyder v. Medical Serv. Corp.*, 98 Wash.App. 315, 327 (1999).  The business realities of an
22   undue hardship and "the reasonableness of [a] no light duty policy will be questions for the
23   jury." *Pulcino v. Federal Express Corp.*,  141 Wash.2d 629, 645 (2000).

24                          **V.  FAILURE TO MITIGATE**

25         Lastly, Defendant requests summary judgment on its affirmative defense that Plaintiff
26   failed to mitigate her damages.  The parties provided contrary views of whether Plaintiff took

ORDER - 7

1    adequate action to mitigate her damages. The question of damages is more appropriately

2    addressed in the fact finding portion of the case.

3                               **VI.  CONCLUSION**

4        Issues of material fact exist for each of Plaintiff's claims, accordingly,

5    **IT IS ORDERED** that:

6        1.   Defendant's Motion for Summary Judgment, filed August 31, 2011, **ECF No. 9,**

7    is **DENIED**.

8        2.   The bench trial set for December 13, 2011 is **CONFIRMED**.

9        The District Court Executive is directed to file this Order and provide copies to

10   counsel.

11       **DATED** this 1st day of November, 2011.

12

13                           s/ Wm. Fremming Nielsen

                                  WM. FREMMING NIELSEN

14   11-01-11               SENIOR UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

ORDER - 8